In the Matter of HERBERT DANOWIT (Admitted as HERMAN DANOWITZ), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 17, 1959.

*George G. Hunter, Jr.*, of counsel (*Frank H. Gordon*, attorney), for petitioner.

*Edward J. McCullen* for respondent.

*Per Curiam.* In this disciplinary proceeding, respondent, an attorney admitted to practice in 1933, was charged with converting $200 out of a sum of $400 which had been forwarded to him by his client for the purpose of effecting the settlement of a claim. The record indicates that the actual amount involved was only $100. In the course of hearings before the Bar Association a second charge developed, namely, that respondent had made a practice of issuing worthless checks.

As to the first charge, the Referee, to whom the matter was referred, has absolved respondent of any intention to convert the money and we think the record amply supports that finding. Over the long period during which respondent delayed in making the required payment there were at most times very substantial balances in his special account, so that this small sum could readily have been paid had it not been for respondent's inattention to his affairs. This neglect may very well be attributed to the state of mind he was in because of his wife's distressing illness which eventually resulted in death. During this period

he was constantly away from his office and apparently paid little attention to his business affairs.

The second charge was substantiated by proof that respondent on numerous occasions issued checks that were returned for insufficient funds. The Referee's finding, however, is that in no instance did any such check remain unpaid, nor was there ever any attempt on the part of respondent to defraud a payee. While the number of returned checks was substantial, we take into consideration the fact that during the period in question approximately 1,500 additional checks were issued on the same account, all of which were good. It should be noted that the bank, despite overdrawals at times, retained respondent's account, apparently considering it satisfactory from a business standpoint, in view of the large amounts deposited. It is quite possible that here too, what happened was the result of respondent's frequent absences from his office and consequent inattention to his business.

Although it seems clear that respondent was not guilty of conversion, nevertheless, with respect to each charge we find that he was guilty of unprofessional conduct which must be strongly condemned. However, we feel, as did the Referee, that in judging his conduct we should give consideration to the serious effect his wife's illness had on his actions. In the circumstances we are inclined to leniency.

The respondent should be censured.

BOTEIN, P. J., BREITEL, RABIN, M. M. FRANK and BASTOW, JJ., concur.

Respondent censured.